■ CONSTRUCTAMAX, INC., Appellant, v CBA ASSOCIATES, INC., et al., Respondents. [742 NYS2d 555] —In an action brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover payment on a promissory note, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated April 4, 2001, which denied the motion.

Ordered that the order is reversed, on the law, and the motion is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for the entry of judgment in favor of the plaintiff in the principal sum of $600,000, plus interest as provided for in the promissory note; and it is further,

Ordered that execution of the judgment to be issued in this action is stayed for 30 days from the date of service of a copy of this decision and order upon the defendants to allow them to commence an action, if they be so advised, against the plaintiff and others on the claims the defendants have asserted in opposition to the motion for summary judgment in lieu of complaint; upon compliance with this provision, the stay shall be extended pending resolution of that action; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff sustained its burden in the first instance of proving the existence of the promissory note and the defendants' failure to make payment in accordance with its terms (*see* CPLR 3213; *E.D.S. Sec. Sys. v Allyn,* 262 AD2d 351; *Key Bank of Long Is. v Burns,* 162 AD2d 501). In opposition, the defendants failed to raise any viable defenses to the note.

The defendants' claims that the nonparty, AJK Associates, Inc. (hereinafter AJK), misrepresented certain facts at the time of the signing of the contract of sale are precluded by the general merger clause in the contract. The defendants' allegation that AJK presented it with fictitious books and records is similarly barred by the language of the general merger clause. The remaining arguments raised by the defendants consist of allegations of fraud that occurred after the contract of sale and promissory note were signed. Thus, these allegations do not constitute defenses to the note.

Inasmuch as the defendants have failed to establish a genuine defense to the promissory note, it is unnecessary to determine whether the plaintiff is a holder in due course, rather than merely a holder (*see First Intl. Bank of Israel v Blankstein & Son,* 59 NY2d 436, 444; *DH Cattle Holdings Co. v Smith,* 195 AD2d 202, 207).

We remit the matter to the Supreme Court, Queens County, for the entry of a judgment in favor of the plaintiff in the principal sum of $600,000 plus interest as provided for in the promissory note. However, the defendants' allegations of fraud against the plaintiff and AJK support claims which far exceed the amount due under the promissory note. Therefore, under the unique circumstances of this case, execution of the judgment to be issued in this action is stayed for 30 days from the date of service of a copy of this decision and order on the defendants to allow them to commence an action against the plaintiff and others, if they be so advised, on the claims the defendants have asserted in opposition to the motion for summary judgment in lieu of complaint (*cf. Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852). Upon compliance with this provision, the stay shall be extended pending resolution of that action. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.